UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDUARD YUZVIK,
    *Plaintiff*,

v.

UNITED STATES LIABILITY
INSURANCE COMPANY,
    *Defendant*.

No. 3:21-cv-1170 (JAM)

**RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Eduard Yuzvik was crossing a street when he was struck by a pickup truck driven by an officer and owner of Archway Realty, LLC. Yuzvik sued Archway and the driver in state court, and the parties settled for $1 million.

Yuzvik now brings this direct action pursuant to Conn. Gen. Stat. § 38a-321 against Archway's insurance company, defendant United States Liability Insurance Company ("USLI"). He claims USLI was obliged under its policy with Archway to defend Archway in the state court action and also to indemnify them for the settlement in that action.

The parties have cross-moved for summary judgment. Because I conclude that Yuzvik's claims arising from his bodily injuries were expressly and unambiguously excluded from coverage under the terms of the insurance policy, I will grant USLI's motion for summary judgment, and I will deny Yuzvik's cross-motion for partial summary judgment.

## BACKGROUND

On March 23, 2017, Eduard Yuzvik was crossing the street in a marked crosswalk when he was struck by a pickup truck operated by Michael Pasquino.[1] Pasquino was a shareholder and employee of Archway Realty, LLC, and at the time of the accident, it is alleged that he was

---

[1] Doc. #34 at 7 (¶ 1).

1

traveling in the course of Archway business.[2] As a result of the accident, Yuzvik suffered severe injuries, including multiple traumatic injuries of his shoulders and lower limbs.[3] He incurred more than $600,000 in medical bills, and he cannot currently walk without assistance.[4]

On January 22, 2019, Yuzvik filed a lawsuit in state court against Pasquino and Archway.[5] The complaint alleged that Pasquino had negligently struck Yuzvik with his vehicle and that Archway was legally responsible for Pasquino's negligence.[6]

At the time of the accident, Archway was insured by USLI under a Real Estate Agents Error and Omissions Policy.[7] On May 16, 2019, USLI received a letter from Pasquino notifying the insurer of Yuzvik's complaint against Pasquino and Archway and requesting that USLI defend them against Yuzvik's state court action and indemnify them with respect to any judgment that resulted.[8] On May 21, 2019, USLI notified Pasquino by letter that, because of its determination that the allegations in Yuzvik's complaint were not covered under the policy, it would neither defend nor indemnify Pasquino and Archway.[9]

On September 2, 2020, Yuzvik and Archway agreed to a stipulated judgment in the amount of $1,000,000 against Archway.[10] In addition, Archway agreed to assign to Yuzvik all of its rights under its insurance policy with USLI, and Yuzvik agreed to release his claims against Archway.[11]

---

[2] *Id.* at 2, 10–11 (¶¶ 7, 8–9).
[3] *Id.* at 3, 8 (¶¶ 8–9, 4).
[4] *Ibid.*
[5] *Id.* at 1 (¶ 1).
[6] *Id.* at 2 (¶ 4).
[7] *Id.* at 4 (¶ 13).
[8] *See id.* at 12 (¶ 13); *see also* Doc. #31-7 at 1.
[9] Doc. #34 at 4, 12 (¶¶ 15, 13); *see also* Doc. #31-7 at 1.
[10] Doc. #34 at 13 (¶ 15).
[11] *See id.* at 13 (¶ 15); *see also* Doc. #31-9 at 4–6.

On August 8, 2021, Yuzvik filed a direct action against USLI in state court under Conn. Gen. Stat. § 38a-321.[12] USLI timely removed the action to federal court.[13] Yuzvik's complaint alleges that USLI breached its duties to Archway under the insurance policy to defend (Counts One, Two, and Three) and to indemnify (Counts Five, Six, and Seven).[14] Yuzvik also alleged that USLI engaged in bad faith by failing to defend or indemnify Archway (Counts Four and Eight).[15]

USLI has now moved for summary judgment, and Yuzvik in turn has cross-moved for summary judgment on Count One of his complaint, alleging breach of USLI's duty to defend. Yuzvik's motion otherwise concedes that "Counts Two and Three should be withdrawn as cumulative, and Counts Four–[E]ight should be dismissed as moot."[16] Accordingly, this ruling addresses only Count One of Yuzvik's complaint which alleges breach of USLI's duty to defend.

## DISCUSSION

The principles governing the Court's review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues but solely to decide if there are enough facts that remain in dispute to

---

[12] *See* Doc. #1-2 at 6.
[13] *See* Doc. #1 at 1.
[14] Doc. #1-2 at 6–17.
[15] *Id.* at 15, 17.
[16] Doc. #31 at 1.

warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (*per curiam*); *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).[17]

Yuzvik alleges that USLI breached its contract with Archway by failing to defend Archway and Pasquino in the underlying state court action. A court must interpret the terms of an insurance policy as it would a contract to determine if the text of the policy makes the parties' intent unambiguously clear. Only if the text of the policy is ambiguous does a court look to other evidence of the parties' intent and in light of the rule that any ambiguity or exclusion in the policy must be construed in favor of the insured. *See, e.g.*, *Connecticut Ins. Guar. Ass'n v. Drown*, 314 Conn. 161, 187–88 (2014).

"An insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the underlying complaint." *Cmty. Action for Greater Middlesex Cnty., Inc. v. Am. All. Ins. Co.*, 254 Conn. 387, 398 (2000). The duty to defend does not depend on whether the insured will ultimately be found liable. "If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." *Id.* at 399. There is no duty to defend, however, when coverage of the claim is expressly foreclosed by an unambiguous policy exclusion. *See id.* at 397 (affirming summary judgment because "the policy explicitly excluded from its coverage the conduct alleged in [plaintiff's] complaint"). *See also Nash St., LLC v. Main St. Am. Assurance Co.*, 337 Conn. 1, 9–10 (2020) (discussing broad duty to defend).

USLI principally relies on the policy's "bodily injury" exclusion:

> This Policy does not apply to, and the Company will not defend or pay for, any **Claim** arising out of, directly or indirectly resulting from, based upon or in any

---

[17] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

way involving any actual or alleged[] bodily injury, emotional distress, mental anguish, humiliation, pain, suffering, sickness, disease or death of any person[.][18]

It is clear from the allegations in the underlying complaint that Yuzvik's state court action constitutes a demand for damages directly arising out of bodily injury. According to the underlying complaint, "Pasquino suddenly and violently struck Mr. Yuzvik . . . with the pickup truck . . . caus[ing] Mr. Yuzvik to be violently thrown in the air and to the ground and to sustain the severe, painful and permanent injuries detailed herein."[19] All of Yuvzik's alleged damages—including for the cost of his medical care, severe ongoing pain and suffering, and the loss of earnings—were products of the bodily injuries he sustained when Pasquino struck him with his pickup truck. Yuzvik's claims were therefore excluded from coverage under the bodily injury exclusion.

Still, Yuzvik argues that I should overlook the policy's exclusion clause because "the policy is incomprehensible and filled with inconsistencies between the coverage and the bodily injury exclusion."[20] That argument fails for two reasons. First, it misapprehends the purpose of an exclusion clause, which is to "eliminate[] coverage where, were it not for the exclusion, coverage would have existed." *Hammer v. Lumberman's Mut. Cas. Co.*, 214 Conn. 573, 588 (1990). Thus, it is perfectly ordinary for an insurance policy to broadly define its scope of coverage only to preclude part of that coverage by means of an express exclusion.

Second, the bodily injury exclusion is perfectly sensible within the context of the policy's coverage for and definition of "personal injury," focusing on certain types of claims that may arise in the context of rendering professional real estate services (like false arrest or detention,

---

[18] Doc. #31-11 at 31 (emphasis in original).
[19] Doc. #31-3 at 4 (¶¶ 27–28).
[20] Doc. #31-1 at 20.

wrongful entry or eviction, slander, and libel).[21] Although Yuzvik urges rejection of the policy's express definition of "personal injury" in favor of a broader definition that would encompass all injuries that are personal in nature (including bodily injuries), he offers no convincing reason to ignore the policy's unambiguous text which narrowly defines the term "personal injury" in a manner that does not extend to "bodily injury."

"[T]he mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." *Nation-Bailey v. Bailey*, 316 Conn. 182, 192 (2015). In any event, Connecticut courts have applied similarly narrow contractual definitions of the term "personal injury" in insurance contracts. *See, e.g.*, *QSP, Inc. v. Aetna Cas. & Sur. Co.*, 256 Conn. 343, 353 (2001) ("the policy provides in relevant part that 'personal injury' means injury, other than 'bodily injury,' arising out of . . . malicious prosecution . . . or oral or written publication of material that slanders or libels a person or organization").

All in all, the policy's use of the terms "personal injury" and "bodily injury" are not confusing or ambiguous as applied to the facts of this case. Most significantly, the policy expressly excludes claims arising out of bodily injury, and the damages alleged in Yuzvik's underlying action clearly fell within the scope of that exclusion. Therefore, USLI had no duty to defend.

---

[21] *See* Doc. #31-11 at 28 (providing coverage for "PROFESSIONAL SERVICES AND PERSONAL INJURY" to include "any **Claim** arising out of any negligent act, error, omission, or **Personal Injury** committed by the **Insured** in the rendering or failure to render **Professional Services** for others"); *id.* at 31 (defining "Personal Injury" to mean "1. False arrest, detention or imprisonment, wrongful entry or eviction, or other invasions of private occupancy, or malicious prosecution; 2. the publication or utterance of a libel, slander or other defamatory or disparaging material or a publication of an utterance in violation of an individual's right of privacy.").

## CONCLUSION

For the reasons set forth above, the Court GRANTS the defendant's motion for summary judgment (Doc. #18), and the Court DENIES the plaintiff's cross-motion for partial summary judgment (Doc. #30). Judgment shall enter for USLI, and the Clerk of the Court shall close the case.

It is so ordered.

Dated at New Haven this 20th day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge